UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES M. HUBBS | : | CIVIL ACTION NO. 2:12-cv-1538 |
| VERSUS | : | JUDGE TRIMBLE |
| LAKE CHARLES MENTAL HEALTH CENTER | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Plaintiff James M. Hubbs, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 6, 2012.

Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. At the time of filing this complaint, plaintiff was incarcerated at C. Paul Phelps Correctional Center in DeQuincy, Louisiana. He is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Plaintiff names the Lake Charles Mental Health Center as defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons discussed herein, IT IS RECOMMENDED that the complaint be DISMISSED WITH PREJUDICE.

**Statement of the Case**

Plaintiff states that he was being treated at the Lake Charles Mental Health Clinic prior to his present incarceration. He alleges that the facility prescribed the drug "Buspar" in 2003 or 2004. Plaintiff further alleges that "[a]fter a time on the drug," he "started to experience

hallucinations, flashes, shocks, irregular heartbeat, pain, [nausea], anger, bitterness, hard breathing," Doc. 1, p. 4, as well as "gastrointestinal disturbances, . . . headaches, and other health matters." Doc. 8, p. 3.  Plaintiff seeks compensatory and punitive damages.

## Law and Analysis

### A.  Initial Review:

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  See *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolous); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B.  Statute of Limitations:

"District courts may dismiss claims *sua sponte* under [§ 1915(e)] where 'it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).

The applicable statute of limitation in a section 1983 action is the personal injury limitations period of the forum state. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998). The Louisiana statute of limitation is one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). While the period of limitations is provided by state law, federal law governs the determination of when the action accrues. *Jacobsen*, 133 F.3d at 319. A section 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

Any cause of action plaintiff may have enjoyed accrued when he began experiencing side effects from the medication. He was placed on the medication in 2003 or 2004, and after "a time" on the medication he began having the stated problems. He filed this suit in June of 2012, some eight years after he began taking the medication. Even under the most liberal construction of the pleadings, the court cannot conclude that plaintiff was unaware of his injury prior to June 2011. As such, the claim raised by plaintiff is clearly untimely.

## Conclusion

The claim is frivolous because it is barred by the applicable statute of limitations. Therefore, IT IS RECOMMENDED that plaintiff's civil rights complaint be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 2nd day of March, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE